FILED
2003 Jul-21 AM 7:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PATSY S. CALLAHAN, )
)
    Plaintiff, )
)
v. ) Case No. CV 02-TMP-1674-S
)
NORMAN E. MINETA, *et al.*, )
)
    Defendants. )

ENTERED
JUL 21 2003

## MEMORANDUM OPINION

This cause is before the court on defendants' motion to dismiss all defendants except Norman E. Mineta, Secretary of the Department of Transportation, in his official capacity as the head of that federal agency. By order dated November 4, 2002, the plaintiff was given 20 days in which to file any opposition to the motion. To date, no response has been filed. A hearing on the motion was held May 15, 2003. The parties have completed their report of party planning meeting, and the court has entered a scheduling order.

## PROCEDURAL HISTORY

The plaintiff's complaint was filed in this court on July 9, 2002. All of plaintiff's claims arise from the plaintiff's employment with the United States Department of Transportation ("DOT") Flight Standards District office in Huntsville, Alabama.



Specifically, the plaintiff asserts in her complaint that the DOT; Norman Y. Mineta, as Secretary of the DOT; and William S. Hensley, an individual defendant who was a manager in the Huntsville DOT office, discriminated against plaintiff on the basis of gender, age, and disability. She also alleges that the defendants retaliated against her in violation of Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). She also sets forth state-law claims of negligent supervision and outrage.

In response to the complaint, the defendants on October 28, 2002, filed a motion to dismiss all defendants except Secretary Mineta in his official capacity, on grounds that: (1) the head of the agency alleged to have violated anti-discrimination laws is the only proper defendant in a federal-sector discrimination case; (2) the court lacks jurisdiction over any individual federal employee who is not the agency head; (3) the complaint fails to state a claim against Hensley; and (4) the court lacks personal jurisdiction over Hensley because he resides outside the state of Alabama. Upon a review of the pleadings, this court determines that defendants' motion to dismiss the claims against any defendant other than Mineta, in his official capacity as Secretary of the DOT, is due to be granted, but in part for reasons other than those asserted in the motion.

**DISCUSSION**

The plaintiff's complaint sets forth federal claims pursuant to Title VII, the ADEA, and the ADA, against defendant Hensley in his individual capacity as plaintiff's supervisor or manager in the Huntsville, Alabama, DOT office.  The defendants assert in their motion to dismiss that the federal employment-discrimination claims against Hensley are actually a claim against the agency for which he works, in this case the DOT.  The defendants further assert that the only proper defendant in a case brought against a federal agency on the basis of the federal anti-discrimination statutes is the head of the agency that allegedly discriminated against the plaintiff.  See, e.g., Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991).  Individual capacity suits under Title VII are inappropriate.  Id.  Plaintiff's discrimination claims based on the ADEA are likewise proper only as to the head of the agency.  See Honeycutt v. Long, 861 F.2d 1346, 1349 (5th Cir. 1988).  Thus, to the extent the plaintiff seeks to attach Title VII or ADEA liability to Hensely, the complaint fails to state a claim as he was not the head of the federal agency or the "employer" for purposes of these statutory claims.

Furthermore, the federal government is not a proper defendant against which plaintiff may assert a claim arising under the ADA. See 42 U.S.C. § 12111(5)(B)(1).   Rather, disability-based

employment-discrimination claims against federal agencies and instrumentalities come under the Rehabilitation Act. See 29 U.S.C. § 791; Mullins v. Crowell, 228 F.3d 1305 (11th Cir. 2000); Sutton v. Lader, 185 F.3d 1203 (11th Cir. 1999); Mahon v. Crowell, 295 F.3d 585 (6th Cir. 2002); Niimi-Montalbo v. White, 243 F.Supp. 2d 1109 (D. Hawaii, 2003)("Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, which prohibits federal agencies from discriminating against employees on the basis of disability, is the 'exclusive remedy for discrimination in employment [by a federal agency] on the basis of handicap'"). Notwithstanding the reference to the ADA in the complaint, the court will deem the disability claim against Secretary Mineta to be grounded on the Rehabilitation Act. AS for plaintiff's disability-based claim against Hensley, it must be dismissed for the same reasons stated above: the claim exists only against the head of the federal agency in his official capacity and Hensley was not the "employer" for purposes of liability.

Because employment-discrimination claims under Title VII, the ADEA, and the Rehabilitation Act lie only against the "employer," in the person of the head of the agency in his official capacity, these statutory claims against Hensley are due to be dismissed. Hensley's motion to dismiss these claims will be granted, and the action will proceed against Secretary Mineta only.

The defendants further assert that the plaintiff fails to state a claim upon which relief may be granted against Hensley and

that the court lacks *personal* jurisdiction over Hensley, who no longer resides in Alabama. These arguments are relevant only to counts five and six of the complaint, alleging claims for negligent supervision and outrage, as the remaining claims of employment discrimination and retaliation against Hensley are due to be dismissed for the reasons explained above. The court finds the argument relating to personal jurisdiction is unavailing. Hensley was a resident of Alabama at the time of the events that gave rise to the complaint, and worked as a manager in the DOT's Alabama facility during the relevant time. Thus, at the time the putative claims against him accrued, he resided in Alabama, giving him more than adequate contact with the state to make it not fundamentally unfair to hale him into court here to respond to allegations arising from his employment in the state. Under Alabama's long-statue he is subject to service of process outside this state. The fact that he has now moved from Alabama does not erase that contact with the state at least for purposes of specific personal jurisdiction in this matter.[1]

The assertion that the complaint fails to state a claim for which relief can be granted against Hensley is somewhat more

---

[1] Insofar as he also contends that venue is improper, the court will only note that the claims asserted arose from conduct that occurred in Huntsville.  See 28 U.S.C. § 1391(b)(2) and (e)(2). Likewise, service of process and process itself appear to be sufficient.

difficult.[2]  As a federal employee, Hensley might be immune from liability for any tortious conduct except to the extent liability is specifically provided by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq.  The FTCA provides the sole method of obtaining relief for tortious acts committed by federal employees acting within the scope of their employment[3] and that the proper defendant is the United States, not the individual federal employee.  See 28 U.S.C. § 2679(b) and (d); Matsushita Electric Co. v. Zeigler, 158 F.3d 1167 (11th Cir. 1998).  Once the certification required by § 2679(d) occurs, the action "shall be deemed to be an action against the United States... and the United States shall be substituted as the party defendant."  Here, however, the United States has not moved to be substituted for Hensley nor has any evidence (other than the fact of the appearance of the United States Attorney) been presented that the Attorney General has

---

[2] To be clear, the motion to dismiss attacks only the sufficiency of the statement of the claim against Hensley.  For reasons that are apparent in the text, problems may also exist in the statement of the state tort claims against the DOT and Secretary Mineta.  The court has no occasion yet to consider the sufficiency of the claims against the DOT or Secretary Mineta.

[3] The court assumes so from the fact that the United States Attorney has appeared for Mr. Hensley, but does not know whether the Attorney General has certified that the acts complained of occurred within the scope of Mr. Hensley's employment.  See 28 U.S.C. § 2679(d).  If that assumption proves to be correct, the United States would be substituted for Hensley.  Further, insofar as the complaint alleges state-law torts, neither the DOT nor Secretary Mineta would be proper defendants; the United States would be the proper defendant as to these claims.

6

certified that Hensley was acting within the scope of his employment with respect to the claims made in this action and, therefore, is entitled to the immunity provided by § 2679. Absent that certification, one may conclude that the Attorney General is unsure whether the protections of the FTCA apply or not. In the face of that apparent uncertainty, the court cannot be sure that the claims against Hensley in his individual capacity are barred by the FTCA or are due to be dismissed for failure to state a claim. Thus, until such time as the United States moves to be substituted for Hensley pursuant to § 2679(d), the motion to dismiss the state law claims against him will be denied.

## CONCLUSION

Based upon the foregoing considerations, the motion to dismiss filed by the defendants (court document #8) is due to be GRANTED IN PART, and all of plaintiff's claims against the DOT and Hensley under the Title VII, the Age Discrimination in Employment Act, and Americans with Disabilities Act, and the Rehabilitation Act (Counts One, Two, Three and Four of the complaint) are due to be DISMISSED, leaving Secretary Mineta, in his official capacity as head of the agency, as the only defendant on these claims. The motion to dismiss is otherwise DENIED at this time. A separate order will be entered herewith dismissing the claims.

DATED this 18th day of July, 2003.

_____
T. MICHAEL PUTNAM
CHIEF MAGISTRATE JUDGE