IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATSY S. CALLAHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:02-CV-1674-TMP |
| | ) |
| NORMAN E. MINETA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter was tried to a jury, and the jury returned a verdict finding in favor of the plaintiff on her sole claim of retaliation, but awarding her no compensatory damages and no back pay.[1] The issue of nominal damages has been raised by the court, and the plaintiff now seeks prospective injunctive relief.

The jury's finding of no damages is rationally consistent with both a finding that the plaintiff received her promotion as early as she was eligible for it (and, thus, lost no pay) and a finding that the amount of any lost back pay simply could not be calculated from the scant evidence produced at trial. Although plaintiff testified that she was seeking a promotion from a GS-9 to the GS-11, she

---

[1] For the reasons explained herein, this finding by the jury was neither self-contradictory nor legally inadequate. During trial there was no evidence offered as to the amount of any pay increase plaintiff would have received had she been timely granted the promotion. There also was no evidence from which the factfinder could determine *when* the plaintiff would actually have received the promotion in the absence of any retaliation. Not only was the jury not given any figures concerning the pay scales for the relevant positions, there was no way for the jury to determine how long plaintiff was delayed in receiving the promotion. Accordingly, an award of back pay would have been speculative.

did not offer any evidence concerning what her pay at the GS-9 level was compared to what it would have been at the GS-11 level.  Although the court and jury might speculate that there is pay difference between the two positions, the absence of evidence leaves only speculation, not rational fact-finding.

Further, plaintiff is not entitled even to an award of nominal damages.  Upon reviewing the letters received from both parties post-trial, the court finds that no award of nominal damages is appropriate because they agree that plaintiff never sought or prayed for nominal damages.  Absent at least a request for nominal damages, the court may not award them.

Finally, the court finds that the plaintiff is not entitled to any prospective injunctive relief to prohibit future retaliation by the FAA.  The testimony at trial was clear and undisputed that the only perpetrator of any retaliation against plaintiff was her supervisor, Mr. Hensley.  He retired from the workplace in May of 1999, and plaintiff testified that the treatment she complained of ended when he left.  The likelihood of any recurrence of retaliatory treatment is remote and speculative. Injunctive relief is an extraordinary remedy reserved for those situations in which a future infringement of plaintiff's rights is likely.  One court has said:

> The power to grant or deny an injunction normally lies within the discretion of the trial court.  NAACP v. City of Evergreen, Ala., 693 F.2d 1367, 1370 (11th Cir. 1982). If there is abundant evidence of past discrimination "injunctive relief is *mandatory* absent clear and convincing proof that **there is no reasonable probability of further noncompliance with the law**."  Id. (emphasis in the original); Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1561 (11th Cir.), cert. denied, 479 U.S. 883, 107 S. Ct. 274, 93 L. Ed. 2d 250 (1986). [Bolding added for emphasis].

Equal Employment Opportunity Commission v. Alton Packaging Corp., 901 F.2d 920 (11th Cir. 1990).  That is precisely the circumstance here.  The retaliation plaintiff suffered was instigated and

carried out by her now-retired supervisor.  Plaintiff has suffered no recurrence of retaliation, even though she has remained continuously employed with the FAA since 1999.  The clear and convincing evidence presented to this court indicates that there is no "reasonable probability" of a repeat of the unique circumstances underlying her retaliation claim, and, thus, none to warrant the need for future injunctive relief.  Accordingly, the demand for injunctive relief is due to be denied.

A separate order of judgment will be entered herewith.

DATED this 30th day of November, 2004.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE